UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| ROY APPLEGATE, | ) | |
| | ) | |
| Petitioner, | ) | No. 0:10-CV-115-JMH |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| WARDEN GARY BECKSTROM, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 1, 2010,[1] pro se Petitioner Roy Applegate filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* DE #1 (Pro Se Petition). Upon initial review, the Court noted that Defendant/Movant's petition failed to comply with the Rules for such filings. *See* DE #3 (Order). First, Applegate stated no facts supporting each ground for relief. Further, he did not sign the petition under penalty of perjury. *See id.* at 1. Additionally, Petitioner appeared not to have exhausted his state-court remedies as to any claim in the petition. *See id.* at 1-2.

## I. NOTICE AND FINDINGS

The Court ordered Applegate to submit a corrected petition by December 20, 2010, and advised that a corrected petition would be a predicate to consideration on the merits. *See* DE #3 at 3. Further, the Court ordered Petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust state-court remedies. *See id.* Lastly, the Court required Respondent to advise whether he agreed with the Court's account of state-court review

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam).

and whether he expressly waived exhaustion as a defense. *See id.*

Applegate submitted a corrected section 2254 petition, averring, in relevant part, that he had properly filed a Rule 11.42 motion in the Kentucky state courts, including the Kentucky Court of Appeals. *See* DE #5 (Corrected Petition) at 4. Respondent Beckstrom responded to indicate he had not waived exhaustion. He also contested Petitioner's account of Rule 11.42 proceedings. *See* DE #7 (Response). To ascertain the exact posture, the Court ordered both Applegate and Beckstrom to provide records and filings documenting their positions. *See* DE #8 (Order). Respondent provided verified dockets from the relevant state trial and appellate courts demonstrating that Applegate had not appealed from the summarily denied Rule 11.42 motion in Lewis Circuit Court. *See* DE #11 (Notice of Compliance with Attachments); DE #11-5 (Kentucky Court of Appeals Records) at 3 (indicating no record of appeal). Applegate submitted a file-stamped copy of his Rule 11.42 motion before the Lewis Circuit Court and a letter from the Kentucky Court of Appeals, indicating that he sent the Rule 11.42 motion to that appellate court in the summer of 2010. *See* DE #10 (Response); DE #10-1 (File-Stamped Motion); DE #10-2 (Letter from Court of Appeals). The record conclusively establishes that Petitioner has not effectively appealed denial of his Rule 11.42 motion to the Kentucky Court of Appeals.

In this circumstance, the governing statute and case law establish that the Court should dismiss the petition without prejudice. Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
> (i) there is an absence of available State corrective

> process; or
>
> > (ii) circumstances exist that render such process
> > ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). On the instant record, Applegate has made no showing that state remedies would be unavailable or that circumstances render the state-court process ineffective. Where a petitioner would be entitled to appeal denial of his state postconviction motion on the merits, he has not exhausted his state-court remedies. *See O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1733 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The Commonwealth indicates that appeal options exist. *See* DE #7 at 2. Conversely, if a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Hardin v. Chandler*, 36 F. App'x 769, 771 (6th Cir. 2002) (quoting *Coleman v. Thompson*, 111 S. Ct. 2546, 2565 (1991)). Applegate must return to the Kentucky state courts to seek resolution of his unexhausted claims.

The only claim in the section 2254 petition that Applegate even arguably included in the state direct appeal was the claimed denial of self-representation. He complained at the Kentucky Supreme Court that the trial court improperly blocked his request personally to cross-examine the victim and a witness. *See Applegate v. Commonwealth*, 299 S.W.3d 266, 272-73 (Ky. 2009).

That argument may be part of his more general self-representation claim here, though the record is not clear. None of the remaining claims – denial of counsel, improper victim interview, improper search, speedy trial, hearsay evidence, prosecutorial bias, and warrant inadequacies – was part of the direct appeal. Several of them appeared in the Rule 11.42 motion, but Applegate did not appeal the trial court's summary dismissal of that motion. Thus, the claims are not yet exhausted.

Mindful of Petitioner's pro se status, the Court notes that, even if the District Judge finds part of Applegate's arguments to have been exhausted, dismissal without prejudice remains the appropriate remedy here. While a party continues to pursue state postconviction relief, his petition for writ of habeas corpus in federal court is generally not proper, absent a waiver of exhaustion by the respondent. *See Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). In the case of a mixed petition, a reviewing court generally has four options: "(1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted ones; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *See Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (internal citations removed) (citing *Rhines v. Weber*, 125 S. Ct. 1528 (2005) and 28 U.S.C. § 2254(b)(2)). Applegate has not sought a stay. Here, given the record's demonstration that Applegate has not appealed denial of his Rule 11.42 at all, the Court recommends dismissal without prejudice so he can attempt to pursue that step. Having evaluated the pleadings, the Court believes that splitting the petition's claims – staying any the District Court deemed to be exhausted, dismissing the others without prejudice – would

4

be confusing, needlessly complicated, and a poor allocation of judicial resources.

The Court has afforded Applegate every opportunity to correct deficiencies and pursue the instant action, and thus the Court has complied with the procedural requirements for summary dismissal. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court thus **FINDS** that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Specifically, Applegate has not exhausted state-court remedies as to the claims in his section 2254 petition, so he cannot at this juncture possibly meet his burden to prove entitlement to relief. For this reason, the Court **RECOMMENDS SUMMARY DISMISSAL** of Applegate's section 2254 petition **WITHOUT PREJUDICE** to future resubmission once Applegate has properly exhausted state-court remedies.[2] The Court warns Applegate that any such resubmission would be subject to the applicable statute of limitations, as this Recommended Disposition in no way implicates or affects that statute. He must immediately pursue exhaustion and then, if appropriate, re-present his claims to this Court all complying with any applicable statutory deadlines.

## II. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a

---

[2] The Court recommends dismissal without prejudice because this decision makes no merits determination. In circumstances where a court reaches the merits, but still elects to proceed with summary dismissal, that dismissal may be with prejudice. *See, e.g.*, *Bennett v. United States*, No. CA 09-0827-CG-C, 2010 WL 653710 (S.D. Ala. Feb. 18, 2010) (slip copy) (dismissing with prejudice after close review of the plea agreement and sentence); *Evans v. United States*, Nos. 3:09-CV-944-L & 3:05-CR-113-L(3), 2009 WL 2783005, at *2 (N.D. Tex. Aug. 31, 2009) (slip copy) (dismissing with prejudice in part because the motion failed to raise a constitutional issue).

petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

The instant decision presents no issue of reasonable debate per the applicable standards. Applegate presented an indisputably deficient petition upon which the Court plainly cannot afford relief. Thus, no basis exists for issuance of a certificate of appealability.

**III. RECOMMENDATION**

For these reasons, the Court **RECOMMENDS** that the District Judge enter **SUMMARY DISMISSAL** of Applegate's petition under Rule 4 **WITHOUT PREJUDICE** to any future resubmission. Any such resubmission would be subject to the applicable statute of limitations, which this Recommended Disposition does not implicate or affect in any way. The District Court should **DENY** a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within

fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

      This the 21st day of January, 2011.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge