```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION at ASHLAND
```

ROY APPLEGATE,                    )
                                  )
    Petitioner,                   ) Civil Action No. 0:10-CV-115-JMH
                                  )
v.                                )
                                  )
WARDEN GARY BECKSTROM,            )
                                  )  **MEMORANDUM OPINION AND ORDER**
    Respondent.                   )

                        **      **      **      **      **

This matter is before the Court on the Recommended Disposition of Magistrate Judge Robert E. Wier [DE 12], to which Petitioner has made objections [DE 13]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner's Petition for a Writ of Habeas Corpus [DE 1], brought pursuant to 28 U.S.C. § 2254 and challenging his conviction in a Kentucky state court. For the reasons which follow, the Magistrate Judge's Recommended Disposition [DE 12] is accepted, and Applegate's Petition for a Writ of Habeas Corpus will be denied [DE 1].

Upon initial review of Applegate's § 2254 Petition, the Court noted that his petition failed to comply with the Rules for such filings, and Petitioner was ordered to submit a corrected petition as a predicate to having his petition considered on the merits [DE 3]. Applegate was further ordered to show cause why his petition should not be dismissed without prejudice for failure to exhaust state-court remedies. Respondent was asked to advise whether he

agreed with the Court's account of the state-court review and whether he expressly waived exhaustion as a defense. Petitioner submitted a corrected § 2254 petition, stating under penalty of perjury that he had properly filed a Rule 11.42 motion in the Kentucky state courts, including an appeal of the decision on that motion to the Kentucky Court of Appeals [DE 5]. Respondent indicated in his filing that he had not waived exhaustion by Petitioner and contested Petitioner's account of the Rule 11.42 proceedings before the state courts. [DE 7.] Both parties were then ordered to provide records and filings documenting their positions. [DE 8.]

Respondent then filed a Certification of Court Records from the Kentucky Courts of Justice in which Kathy Hardy, Clerk of the Lewis Circuit Court, certified that Petitioner had filed an appeal of right to the Kentucky Court of Appeals Motion from the May 21, 2007, judgment of the Lewis Circuit Court convicting him of rape in the first degree, sodomy in the first degree, and incest, and sentencing him to thirty years imprisonment. She also certified that he had filed a Motion Pursuant to Ky. RCr 11.42 in the Lewis Circuit Court. There is, however, no record of a notice of appeal with respect to the Lewis Circuit Court's decision to deny that Motion. Likewise, Samuel Givens, Jr., Clerk of the Kentucky Court of Appeals, certified that there were no appeals in the Court of Appeals by Petitioner. This certification is in keeping with the

records provided by the Lewis Circuit Court Clerk and the correspondence from Givens to Petitioner, filed in the record by Petitioner, indicating that Petitioner may have tried to file a "Motion to Vacate Judgment Pursuant to RCr 11.42" directly in the Court of Appeals in lieu of an appeal from the decision of the Lewis Circuit Court on that motion. The document sent to the Court of Appeals, it appears, was returned to him unfiled under the letter from Givens and with the direction that, if Petitioner disagreed with a circuit court decision concerning a Ky. RCr 11.42 motion, he should appeal that decision to the Court of Appeals under Ky. RCr 11.42(7). Finally, and in keeping with the above, Susan Stokley Clary, Clerk of the Supreme Court of Kentucky, has certified that the sole proceedings before the Supreme Court were the result of Petitioner's direct appeal from the May 21, 2007, judgment of the Lewis Circuit Court.

In considering Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, this Court must make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b). Having considered the evidence set forth, the Court agrees with the Magistrate Judge that the record conclusively establishes that Petitioner has not effectively appealed denial of his Ky. RCr 11.42 motion by the Lewis Circuit Court to the Kentucky Court of Appeals. Nothing in Petitioner's response under 28 U.S.C.

636(b) challenges the facts or changes the analysis which follows from them. In his objection, Applegate argues, without factual support, that an appeal of the Lewis Circuit Court's decision on his Ky. RCr 11.42 Motion was supposed to have been "sent . . . to [the] Court of Appeal[s]." Then he states conclusorily that "Kathy Hardy and Judy Conley ben discrimination agaist me for over 10 years" [*sic*] and that courts in Kentucky discriminate against single parents and those who are indigent.[1] At no point in this proceeding, however, has he offered a positive statement that he filed the necessary notice of appeal of that decision in the Lewis Circuit Court, *see* Ky. RCr 12.04, or other cognizable evidence to support his assertion that he has exhausted his state court remedies.

Thus, the Court agrees with the Magistrate Judge and concludes, for the reasons stated in the Magistrate Judge's Report and Recommendation, (1) that Applegate's Petition should be dismissed without prejudice until such time as Applegate has exhausted his remedies before the state courts and (2) that no certificate of appealability should issue.

---

[1] In his Objection, Petitioner also offers arguments directed to the merits of his Petition, concerning his arrest and the search for evidence in connection with his crime, the evidence admitted and offered at his trial before the Lewis Circuit Court, and his representation at trial. Petitioner also expresses his belief that he would be exonerated before this Court because there is no federal law against incest and because he believes the age of consent to sex for a minor to be twelve under federal law. The Court need not reach these issues and declines to do so.

Accordingly, **IT IS ORDERED:**

(1) that the Recommended Disposition of the Magistrate Judge [DE 12] is **ACCEPTED** and **ADOPTED** as the Court's own;

(2) that Applegate's Petition for Writ of Habeas Corpus [DE 1] is **DENIED WITHOUT PREJUDICE**;

(3) that no certificate of appealability shall issue from this Court.

This is the 4th day of February, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge